**STATE, ex BOHAN, Relator-Appellee, v. INDUSTRIAL COMMISSION, Respondent-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3836.   Decided October 17, 1945.

Stewart & Beirne, Cincinnati, for Relator-Appellee.

Hon. Hugh S. Jenkins, Atty. Genl., C. G. L. Yearick, Asst. Atty. Genl., Albertus B. Conn, Asst. Atty. Genl., Columbus, for respondent-appellant.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

**OPINION**

BY THE COURT:

The appeal to this Court was from an order of the Court of Common Pleas directing the issuance of a peremptory writ of mandamus against the Industrial Commission of Ohio to award relator compensation "for loss of his right hand".

While it is assigned as error that the judgment of the trial court is against the manifest weight of the evidence, there is no merit in the proposition because there is no disputed fact. The relator did not lose his right hand by any severance of it but he did lose its use. All the evidence is substantially the same as that of the witness Doctor Hudson, who said: "The claimant's right hand is permanently disabled and of no future industrial value. It constitutes total functional loss".

The other assignment of error is that the judgment is contrary to law, and this is based upon two propositions: First, that any award now made would be barred by allowances heretofore made and paid to this claimant; and, second, that "the loss of the use of the hand" it not the same as "the loss of a hand" as contemplated by §1465-80 GC.

The first contention is not tenable. It is true that this relator had received by awards from the Industrial Commission $956.25 for temporary total disability, and $4000.00 for impaired earning capacity. Neither one of these, however, is the same as permanent partial disability. See **State, ex rel. Young v Industrial Commission, 139 Oh St 601.**

The other contention presents a far more serious proposition and one which has never been decided in Ohio. Decisions from other states are of no particular value because based upon statutes worded differently from that in force in Ohio.

The Court of Appeals of this District has heretofore gone on record as holding that the injuries contemplated under the heading schedule in this section mean the loss of the member and not the loss of the use of the member.

It seems to us that a mere study of the statute itself is sufficient and can lead to but one conclusion, and if the statute is clear, as we think it is, then the citing of authorities pro and con based upon statutes of other states would be vain and futile.

This **§1465-80 GC** in its schedule provides:

"For the loss of a hand 66 2/3 per cent of the average weekly wages during one hundred and sixty-five weeks."

Then follows a provision for "loss of an arm", "loss of a great toe", "loss of one of the toes other than the great toe", "loss of more than two-thirds of any toe", "loss of a foot", "loss of a leg", and then follows "for the loss of the sight of an eye, 66 2/3 per cent of the average weekly wages during one hundred and sixty-five weeks."

Why did the Legislature distinguish between the eye and the other members, providing in the one case for the loss of the use and in all the others for the loss of the members themselves? That is certainly significant. It certainly means that the Legislature intended in the case of an eye that the loss of its use should be tantamount to the extraction of the organ, while as to all other listed members a different situation holds.

And such seems to us the solution of it. Were it other-

wise, there would be unceasing questions of fact arising as to the extent of the loss of the use and the contention of appellee pursued logically would lead to absurdities. For instance, the possibly conceivable loss of the use of two-thirds of a toe.

In any event, it is again a matter for the Legislature and not for the Courts.

The judgment of the trial court must be and is reversed, and as it is the only proposition involved, final judgment is rendered for appellant.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.

Decided November 29, 1945.

BY THE COURT:

The trial court issued the writ commanding the Commission to award compenation for loss of relator's right hand and ignored the ground cited as an alternative, to wit: ankylosis of the fingers and thumb. This Court reversed that judgment, and rendered final judgment for appellant, and also ignored this alternative claim. Because of that fact a rehearing is sought.

In the original opinion we saw no occasion for commenting upon that proposition. The provision of §1465-80 GC, affecting that proposition is:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either more than useless, the same number of weeks apply to such members or parts thereof as given above."

There is nothing in the record to indicate that the fingers or thumb, or parts of either, or any of them, were "more than useless". The actual condition of the hand was not in dispute, and we set that forth in the course of our original opinion. It is contended by appellee that the words "more than useless" are redundant and meaningless. This cannot be so. It is conceivable that any member of one's body should be so injured as to be more than useless because it might impair or handicap the exercise of other members or organs of the body, and if it were merely useless it would be nothing more than that. As we stated in our original opinion: "In any event, it is again a matter for the Legislature and not for the Courts". The language used in this section is clear and unmistakable.

There is another basis alleged for a rehearing. That proposition is answered in the case of **Fifty West Broad, Inc., v Poulson, 75 Oh Ap 194,** at page 204, same being reported in the May 28, 1945, issue of the Ohio State Bar Association Report.

The application for rehearing is denied.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.